# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVORY J. PHILLIPS, CDCR #F-90996, <br><br> Plaintiff, <br><br> vs. <br><br> GERALD JANDA, et al., <br><br> Defendants. | Civil No.   13cv0567 JAH (WMc) <br><br> **ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff, a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1).[1]

---

[1] The Court takes judicial notice of another proceeding filed by Plaintiff pursuant to 28 U.S.C. § 2254. *See Phillips v. Cal. Dept. of Corrections and Rehabilitation*, S.D. Cal. Civil Case No. 12cv2870 WQH (BGS); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Judge Hayes dismissed Plaintiff's habeas petition on January 4, 2013, however, in part because it appeared to challenge the conditions of his confinement and not the fact or duration of his confinement. *See* Jan. 4, 2013 Order [ECF Doc. No. 4] in S.D. Cal. Civil Case No. 12cv2870 WQH (BGS) at 2-3. Plaintiff was granted leave to amend his habeas petition, if he "wishe[d] to challenge the validity of his state court conviction and proceed with [that] case," but was also notified that if he instead "wishe[d] to challenge the conditions of his confinement, he must file a complaint pursuant to 42 U.S.C. § 1983 which [would] be given a new case number." *Id.* at 5-6. Plaintiff has apparently decided to do both: on March 11, 2013, he submitted the civil rights complaint which has been assigned

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $350 filing fee required to commence a civil action, nor has he submitted a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, the case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[2]

///
///

---

to this Court as S.D. Cal. Civil Case No. 13cv0567 JAH (WMc), and on March 1, 2013, he filed a Motion for Extension of Time in which to submit an amended habeas petition in S.D. Cal. Civil Case No. 12cv2870 WQH (BGS) [ECF Doc. No. 6]. That motion remains pending before Judge Hayes, but has no relevance to this case.

[2] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be screened and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(b) if the Court finds it frivolous or malicious, if it fails to state a claim, or if he seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b) of all prisoner complaints).

1    **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this
2 Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma*
3 *Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the
4 enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without
5 prejudice and without further Order of the Court.

7 DATED:       March 22, 2013                      _____
8                                                  HON. JOHN A. HOUSTON
9                                                  United States District Judge