UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVORY J. PHILLIPS,<br>CDCR #F-90996,<br><br>                                   Plaintiff,<br><br>vs.<br><br>GERALD JANDA; RALPH M. DIAZ;<br>DANIEL PARAMO; DR. JEFFREY<br>BEARD; C. LIVSEY; R. LORIOS; C.<br>OGBUEHI; G. PICKETT; E. SIMON;<br>LIEUTENANT R. RONALD DAVIS;<br>SHEILA ANDERSEN; DeLEON;<br>RODRIGUEZ; PEREZ; NAVARO; and<br>JOHN AND SALLY DOES 1-30,<br><br>                                   Defendants. | Civil No.   13cv0567 BTM (JLB)<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTIONS TO CLARIFY AND FOR LEAVE TO SUBMIT POINTS AND AUTHORITIES [ECF Doc. Nos. 44, 46]**<br><br>**2) DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL [ECF Doc. No. 42]**<br><br>**AND**<br><br>**3) SUA SPONTE GRANTING PLAINTIFF EXTENSION OF TIME TO COMPLY WITH COURT'S ORDER REQUIRING AMENDMENT** |

Plaintiff, Ivory Phillips, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding in pro se and *in forma pauperis* ("IFP") in this civil rights action which he first initiated on March 11, 2013, pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1).

# I.

## Background

On June 3, 2014, the Court dismissed Plaintiff's Third Amended Complaint ("TAC") in its entirety based on Plaintiff's repeated failures to comply with FED.R.CIV.P. 8, and as frivolous, malicious, and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* June 3, 2014 Order (ECF Doc. No. 39). Because Plaintiff failed to follow the Court's previous directions regarding necessary amendment of his Eighth Amendment, free exercise, and access to courts claims, the Court denied further leave to amend those claims as futile. *Id.* at 14. To the extent Plaintiff's TAC alleged racial discrimination and conspiracy claims the Court had previously dismissed as frivolous, the Court found Plaintiff's attempts to resurrect those claims both frivolous and malicious, and again denied him leave to amend. *Id.* at 14-15.

However, a careful reading of Plaintiff's TAC included what appeared to be a new claim of retaliation, arising in July 2013, and not previously alleged in any of Plaintiff's prior pleadings. *See* TAC (ECF Doc. No. 20) at 18-23. Therefore, while the Court found Plaintiff failed to allege facts sufficient to support this newly-alleged retaliation claim, it granted him leave "to amend *this* claim only, and against Defendants Pickett, Espinoza, Perez, Rodriguez, Navaro, and Ramirez only." *Id.* at 15 (emphasis original).

The Court further directed the Clerk of Court to provide Plaintiff with a copy of its form § 1983 civil rights complaint for his use and convenience, and cautioned that his Fourth Amendment Complaint must be complete by itself, comply with FED.R.CIV.P. 8, and "add no additional Defendants or causes of action." *Id.* at 16. Finally, the Court made clear that "should [Plaintiff] fail to file a Fourth Amended Complaint within the time provided, or file a Fourth Amended Complaint that fail[ed] to state a retaliation claim or otherwise comply with [its] Order," it would "enter a final Order of dismissal of the entire action without prejudice as frivolous, malicious, and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)." *Id.* at 17.

## II.

## Plaintiff's Responses

Plaintiff failed to file a Fourth Amended Complaint within the time provided. Instead, he has since submitted several duplicative motions, miscellaneous requests and supplemental documents which wholly fail to acknowledge the existence of, or demonstrate any attempt to comply with, the Court's June 3, 2014 Order.

The first, which Plaintiff captions as "Class Action Motion for Leave:  Notice of Motion:  Motion to Submit Points and Authorities ("P&A's") in Support of, Motion to Appoint Counsel and or Clerical Support and Memorandum of P&As," the Court construes as a renewed Motion for Appointment of Counsel (ECF Doc. No. 42). Plaintiff has also filed an "Amended" Motion for Leave to Submit P&As (ECF Doc. No. 46), in which he appears to seek permission to supplement his previous Motion for Appointment of Counsel, as well as at least one supplemental document in support these Motions (ECF Doc. Nos. 48).

In addition, Plaintiff has filed a "Class Action Motion for Leave:  Notice of Motion; and Request for Clarification of Order on Third Amended Complaint" (ECF Doc. No. 44), as well as two supplemental documents in support and/or to amend this Motion (ECF Doc. Nos. 51, 55).  In these submissions, Plaintiff expresses confusion as the status of his case, and claims he did not receive any prior Order of dismissal. *See* ECF Doc. No. 44 at 2.  Plaintiff asks the Court to clarify "which version of [his] Complaint is up for screening," and how much time he has to "amend it for clarity and compliance." *Id.* at 4.

## III.

## Renewed Motion for Appointment of Counsel

Plaintiff again seeks the appointment of an attorney "and/or clerical support" because his case is a "complex" "multi-jurisdictional" "class action," consisting of "approximately six (6) causes." *See* Pl.'s Mot. (ECF Doc. No. 42) at 8.

/ / /

As the Court has previously noted, the Constitution provides no right to appointment of counsel in a civil case. *See Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). And, while 28 U.S.C. § 1915(e)(1) provides district courts with discretion to appoint counsel for indigent persons, the exercise of this discretion is limited to cases which present "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denied Plaintiff's previous motion for appointment of counsel because he failed to show any exceptional circumstances required the exercise of its discretion under § 1915(e)(1). *See* June 3, 2014 Order at 4-5 (citing *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017). Nothing offered in support of his current Motion or any of its supplements presents the Court with any justification to change that conclusion. And while Plaintiff continues to argue that appointment of counsel is warranted due to the complexity of his case, and his limited access to adequate law library facilities, *see* Pl.'s Mot. (ECF Doc. No. 42) at 8, his renewed request still fails to show either that the sole retaliation claim he has been granted leave to amend is unduly complex, or that he is unable to articulate the factual basis for that claim, especially in light of the Court's June 3, 2014 Order, which clearly delineated the straightforward legal standards for alleging such a claim. *See* June 3, 2014 Order at 13-14; *see also Wilborn,* 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues [for purposes of appointing counsel under § 1915] was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). For these reasons, the Court again DENIES Plaintiff's Motion for Appointment of Counsel without prejudice (ECF Doc. No. 42).

/ / /

## IV.

## Motions to Clarify and for Leave to Submit P&As

In his Motion to Clarify (ECF Doc. No. 44), his Motion for Leave to Submit P&As (ECF Doc. No. 46), and in his supplemental filings offered in support (ECF Doc. Nos. 48, 51, 53, 55), Plaintiff expresses confusion as to the status of his case, and claims he did not receive any previous Order dismissing or rejecting his claims. *See* Pl.'s Mot. (ECF Doc. No. 44) at 2-3. And while these documents comprise pages of case citations and mostly irrelevant legal jargon, they also contain random and disjointed factual allegations related to the current conditions of Plaintiff's confinement at RJD. *See*, *e.g.*, Doc. No. 46 at 16-17. None of them can be fairly classified as an attempt to file a proper Fourth Amended Complaint, however. Instead, Plaintiff alleges he has had "confidential/legal mail" "pre-ripped open before arrival," that he has not received mail "on numerous occasions," and he asks the Court to clarify "which version of [his] Complaint is up for screening," and provide him a "time-frame" in which to amend. *Id.* at 3.

While nothing in the Court's docket indicates its June 3, 2014 Order, or any other Order issued in this case was ever returned by the U.S. Post Office as undeliverable, the Notice of Electronic Filing attached to the June 3, 2014 Order demonstrates that it was "served via U.S. Mail Service" along with a blank civil rights complaint on Plaintiff at the following address: Ivory J. Phillips, F-90996, RJ Donovan Correctional Facility, PO Box 799002, San Diego, CA 92179-9002 on 6/3/14 (ECF Doc. No. 39). Plaintiff has not been transferred from RJD or filed any Notice of Change of Address since he first initiated this case in March 2013, and it has long been generally presumed that mail properly addressed to a party at his last known address has been received. *See Anderson v. U.S.,* 966 F.2d 487, 491-92 (9th Cir. 1992) ("Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee.") (citing *Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884)). Nevertheless, the Court will take Plaintiff at his word, and in an abundance of caution

in light of his pro se status, assume that he did not receive either a copy of the Court's June 3, 2014 Order, or a blank copy of the Court's form § 1983 Complaint for him to use to amend. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (noting that where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt).

For these reasons, the Court will GRANT Plaintiff's Motions to Clarify and for Leave to Submit P&As (ECF Doc. Nos. 44, 46), and further GRANT him additional time and one final opportunity in which to file a Fourth Amended Complaint which complies with the Court's June 3, 2014 Order.

## V.

## Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1) Plaintiff's Renewed Motion for Appointment of Counsel (ECF Doc. No. 42) is **DENIED**.

2) Plaintiff's Motions to Clarify and for Leave to Submit Points & Authorities (ECF Doc. Nos. 44, 46) are **GRANTED**.

3) Plaintiff is further **GRANTED** forty-five (45) days leave from the date this Order is entered into the Court's docket in which to file a Fourth Amended Complaint which cures all deficiencies of pleading described in the Court's June 3, 2014 Order (ECF Doc. No. 39) as to his retaliation claims against Defendants Pickett, Espinoza, Perez, Rodriguez, Navaro and Rodriguez *only*.

4) The Clerk of Court is **DIRECTED** to provide Plaintiff another copy of the Court's June 3, 2014 Order (ECF Doc. No. 39), as well as the Court's form § 1983 civil rights complaint for his use in amending. Plaintiff must title his pleading as his Fourth Amended Complaint, include Civil Case No. 13cv0567 BTM (JLB) in its caption, complete it without reference to any of his previous pleadings, add no additional Defendants or causes of action, and comply with FED.R.CIV.P. 8, S.D. CAL. CIVLR 8.2 (providing that civil rights actions filed by prisoners must be submitted on the form

supplied by the court, must be signed by the plaintiff, and may not include more than fifteen (15) attached additional pages), and S.D. CAL. CIVLR 15.1.

     5)    Finally, Plaintiff is cautioned that should he fail to file a Fourth Amended Complaint within the time provided, or file a Fourth Amended Complaint that fails to state a retaliation claim or otherwise comply with the Court's June 3, 2014 Order, the Court will enter a final Order of dismissal of the entire action without prejudice and without any further leave to amend as frivolous, malicious, and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

DATED: November 12, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court