# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVORY J. PHILLIPS,<br>CDCR #F-90996,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>GERALD JANDA; RALPH M. DIAZ;<br>DANIEL PARAMO; DR. JEFFREY<br>BEARD; C. LIVSEY; R. LORIOS; C.<br>OGBUEHI; G. PICKETT; E. SIMON;<br>LIEUTENANT R. RONALD DAVIS;<br>SHEILA ANDERSEN; DeLEON;<br>RODRIGUEZ; PEREZ; NAVARO; and<br>JOHN AND SALLY DOES 1-30,<br><br>　　　　　　　　　　Defendants. | Civil No.   13cv0567 BTM (JLB)<br><br>**ORDER:**<br><br>**1)  GRANTING PLAINTIFF'S MOTIONS FOR LEAVE TO APPEAL AND FOR EXTENSION OF TIME**<br>**[Doc. Nos. 60, 62]**<br><br>**AND**<br><br>**2)  DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM, AS FRIVOLOUS AND FOR FAILING TO COMPLY WITH COURT ORDERS REQUIRING AMENDMENT PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B)**<br>**AND 28 U.S.C. § 1915A(b)(1)** |

Plaintiff, Ivory Phillips, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se and *in forma pauperis* ("IFP") in this civil rights action which he first initiated on March 11, 2013, pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

## I.     Procedural History

On June 3, 2014, the Court dismissed Plaintiff's Third Amended Complaint ("TAC") in its entirety based on Plaintiff's repeated failures to comply with FED.R.CIV.P. 8, and as frivolous, malicious, and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* June 3, 2014 Order (Doc. No. 39). Because Plaintiff failed to follow the Court's previous directions regarding necessary amendment of his Eighth Amendment, free exercise, and access to courts claims, the Court denied further leave to amend those claims as futile. *Id.* at 14. To the extent Plaintiff's TAC alleged racial discrimination and conspiracy claims the Court had previously dismissed as frivolous, the Court found Plaintiff's attempts to resurrect those claims both frivolous and malicious, and again denied him leave to amend. *Id.* at 14-15.

However, a careful reading of Plaintiff's TAC included what appeared to be a new claim of retaliation, arising in July 2013, and not previously alleged in any of Plaintiff's prior pleadings. *See* TAC (Doc. No. 20) at 18-23. Therefore, while the Court found Plaintiff failed to allege facts sufficient to support this newly-alleged retaliation claim, it granted him leave "to amend *this* claim only, and against Defendants Pickett, Espinoza, Perez, Rodriguez, Navaro, and Ramirez only." *Id.* at 15 (emphasis original).

The Court further directed the Clerk of Court to provide Plaintiff with a copy of its form § 1983 civil rights complaint for his use and convenience, and cautioned that his Fourth Amendment Complaint must be complete by itself, comply with FED.R.CIV.P. 8, and "add no additional Defendants or causes of action." *Id.* at 16. Finally, the Court made clear that "should [Plaintiff] fail to file a Fourth Amended Complaint within the time provided, or file a Fourth Amended Complaint that fail[ed] to state a retaliation claim or otherwise comply with [its] Order," it would "enter a final Order of dismissal of the entire action without prejudice as frivolous, malicious, and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)." *Id.* at 17.

/ / /

1   After the time for amending passed, but before the Court could enter a final order
2   of dismissal, Plaintiff instead filed several miscellaneous motions expressing confusion
3   as to the status of his case, requesting clarification, and seeking a "time-frame" in which
4   to amend.  *See* Nov. 12, 2014 Order (Doc. No. 58) at 5.  Because none of Plaintiff's
5   voluminous and disjointed submissions could be fairly construed as the Fourth Amended
6   Complaint he was directed to file, the Court granted him "additional time and one final
7   opportunity in which to file a Fourth Amended Complaint which complie[d] with the
8   Court's June 3, 2014 Order." *Id.* at 6.  Plaintiff was once again provided with a blank
9   § 1983 form Complaint for his use and convenience, and again cautioned that his failure
10  to comply with the Court's Orders requiring amendment within 45 days would result in
11  a final Order of dismissal of the entire action without further leave to amend. *Id.* at 7.
12      Plaintiff filed no Fourth Amended Complaint, but instead, on January 2, 2015, he
13  filed a Notice of Appeal to the Ninth Circuit ("NOA") (Doc. No. 59).[1]  On the same day,
14  however, Plaintiff also filed a "Motion for Leave to Appeal" (Doc. No. 60), followed by
15  a "Motion for Enlargement of Time" (Doc. No. 62).

16  **II.   Effect of Plaintiff's NOA**

17      As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional
18  significance–it confers jurisdiction on the court of appeals and divests the district court
19  of its control over those aspects of the case involved in the appeal." *Griggs v. Provident*
20  *Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).  This transfer of
21  jurisdiction from the district court to the court of appeals is not effected, however, if a
22  litigant files a notice of appeal from an unappealable order.  *See id.* (citing *Ruby v.*
23  *Secretary of the Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc)); *United States v.*
24  *Garner*, 663 F.2d 834, 838 (9th Cir. 1981); *Estate of Conners v. O'Connor*, 6 F.3d 656,
25  658 (9th Cir. 1993).
26  / / /
27
28      [1] Plaintiff's Appeal has been assigned 9th Circuit Case No. 15-55024 (Doc. No. 63).

Therefore, an appeal from an order that is neither final nor appealable does not divest the district court of jurisdiction over the action or the order challenged in the appeal. *See Estate of Conners*, 6 F.3d at 658; *Garner*, 663 F.2d at 837. And while the district court must accept and process all notices of appeal, regardless of defect, it need not refrain from proceeding with the action or the matter appealed from based on the filing of a jurisdictionally invalid appeal. *See Nascimento v. Dummer*, 508 F.3d 905, 908-10 (9th Cir. 2007); *Ruby*, 365 F.2d at 388 ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."). "The only thing that is accomplished by a proper notice of appeal is to transfer jurisdiction of a case from a district court to a court of appeals. If, by reason of defects in form or execution, a notice of appeal does not transfer jurisdiction to the court of appeals, then such jurisdiction must remain in the district court; it cannot float in the air." *Ruby*, 365 F.2d at 388.

Indeed, if the district court proceeds to final judgment while a premature appeal from a prior order is pending, it may cure the jurisdictional defect on the premature appeal and permit the appellate court to review the entire action in the context of the premature appeal. *Id.* at 389 (noting that if the "district court correctly determines that its jurisdiction has not been ousted by a purported notice of appeal, because the latter was not taken from an appealable order, . . . [the] notice of appeal directed to the non-appealable order will be regarded, . . . as directed to the subsequently-entered final decision.").

28 U.S.C. § 1291 provides that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 277 n.2 (1991). For a decision to be final, it must "en[d] the litigation on the merits," *Catlin v. United States*, 324 U.S. 229, 233 (1945) (citation omitted), and the judge must "clearly declar[e] his

intention in this respect." *FirsTier*, 498 U.S. at 273-74 (citing *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232 (1958)).

"An order which dismisses a complaint without expressly dismissing the action is not, except under special circumstances, an appealable order." *Ruby*, 365 F.2d at 387 (citations omitted).  Therefore, a ruling will not be considered a final decision under § 1291, if it "le[aves] open an opportunity for the appellant to save his cause of action by amending his complaint." *FirstTier*, 498 U.S. at 275 (citing *Ruby,* 365 F.2d at 387). "[T]he inquiry is whether the decision 'ends the litigation and leaves nothing more for the court to do.'" *McGuckin v. Smith*, 974 F.2d 1050, 1053 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (citation omitted).

Here, Plaintiff's Notice of Appeal (Doc. No. 59), filed on January 2, 2015, indicates he wishes to "appeal[] or request[] permission to appeal to the U.S. Court of Appeals for the Ninth Circuit, from judgment(s) entered in this action," specifically Doc. Nos. 58 and 39.  *See* NOA (Doc. No. 59) at 1.  Neither this Court's June 3, 2014 Order Dismissing Plaintiff's Third Amended Complaint (Doc. No. 39), nor its November 12, 2014 Order Granting Plaintiff's Motions to Clarify and to Submit Points & Authorities (Doc. No. 58) are "final decisions" subject to appeal under § 1291, however, because both expressly granted Plaintiff further leave to amend (Doc. No. 39) and extended the time previously granted for Plaintiff to submit his Fourth Amended Complaint (Doc. No. 58).  Neither of these Orders dismissed Plaintiff's action; no judgment pursuant to FED.R.CIV.P. 58 has yet to be entered.  Therefore, the Court finds that Plaintiff's NOA does not divest this Court of jurisdiction to consider either Plaintiff's accompanying "Motion for Appeal and Leave to Appeal" (Doc. No. 60), nor his later-filed "Motion for Enlargement of Time" (Doc. No. 62).  *See Nascimento*, 508 F.3d at 908-10; *Ruby*, 365 F.2d at 388.

/ / /

/ / /

### III. Plaintiff's Motions

In both these Motions, however, Plaintiff makes clear that he does not wish to file a Fourth Amended Complaint in accordance with the Court's June 3, 2014 or November 12, 2014 Orders. *See* Doc. No. 60 at 1; Doc. No. 62 at 1. Therefore, because it is clear that Plaintiff does not intend to file a Fourth Amended Complaint in this case, and there is currently no operative pleading before the Court, it will construe his Motions as requests to dismiss the entire action and direct the Clerk to enter a final judgment so that he may pursue his appeal in the Ninth Circuit.

### IV. Conclusion and Order

Based on the foregoing, the Court **GRANTS** Plaintiff's Motions for Appeal and for Enlargement of Time (Doc. Nos. 60, 62), and **DISMISSES** this civil action in its entirety and without further leave to amend for failing to state a claim upon which § 1983 relief can be granted and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and for failing to prosecute by complying with all previous Orders requiring amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

DATED: February 11, 2015

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court